REDMANN, Judge.
Appellants’ taxicab waited for a green light and for traffic from its left to stop before turning right into the eastbound lanes of the Westbank expressway in Gret-na at about 3 a. m. After proceeding 40 feet east, it was struck head-on in its left lane by an automobile going the wrong way. Plaintiff was a fare-paying passenger who was injured. We affirm the judgment in his favor.
We add to the facts that the investigating police officer testified that the taxi driver did not contend at the time of the accident that the other automobile did not have its headlights on.
Had the accident occurred 400 feet down the expressway, the taxi driver’s negligence would be clear in his failure to see the other car in time to return to the right-hand lane and thus avoid collision. Had it occurred as he entered the expressway, perhaps one could say that he was not negligent because *425 the reasonable taxi driver would not expect traffic from the right. But it occurred after 40 feet, which is between those extremes. We agree with the trial judge that appellants did not exculpate themselves towards their passenger-especially because the trial judge presumably inferred that the other ear’s headlights were on (otherwise the taxi driver would surely have told the investigating officer they were not.) In the time it takes to start up from a stop and to move even a few feet into the expressway, the driver owed the duty to his passenger both to see the wrong-way car coming and to stop. Had he stopped as he angled across his right-hand lane, before crossing it completely, there would have been no accident.
We note appellants’ argument that their driver could not have seen the other car had it come out Franklin avenue (another median-divided boulevard, intersecting obliquely) on its wrong side. The record does not establish, however, the distance from Franklin to the intersection where the taxi entered, nor even that that car did enter from Franklin. We repeat that this is a case of a fare-paying passenger, and in such a case the plaintiff’s only burden is to show that he was injured while being transported for hire; it is then defendants’ burden to exculpate themselves, and they did not do so.
Affirmed.